## CONSTANCE LUMBER CO v GATTON et

Ohio Appeals, 5th Dist, Richland Co

Decided Sept 25, 1931

L. H. Beam, Mansfield, for Constance Lumber Co.

C. H. Workman, Mansfield, for Gatton et.

LEMERT, J.

This action comes into this court on appeal from the Common Pleas Court of Richland County, Ohio, wherein the cause was tried without the intervention of a jury. The action is to enforce a mechanics lien against defendants.

It appears that one K. L. Smith & Son entered into a contract to do certain work for the defendants, and that they purchased certain material from the plaintiff company which entered into the construction of the job, and plaintiff claims that they filed an affidavit for the purpose of asserting the lien against the defendants. After the delivery of the material and on the 21st day of July, 1928, plaintiff prepared an affidavit asserting a mechanics lien against the property owned by the defendant and filed same with the county recorder. Thereafter a copy of the affidavit was filed and furnished to the defendants.

The defendants in this case raise two questions: first, that the plaintiff waived its right to a mechanics lien by virtue of two telephone conversations, one with the defendant, Druzilla Gatton, and the other one with James Reed; second, that the material delivered was not all used on the job, but that the contractor carried a part of it away. Defendants claim that at the time that the contractors completed the work, the material used was paid for in full; that before defendants made payment to the contractors, she made inquiry at the office of plaintiff whether it intended to make any claim against her on her property for the amount of bills sued upon, and was advised that plaintiff would look solely to the contractor for the payment. In other words, the defendants plead a waiver of the lien or an estoppel.

The court below held that the telephone communications were competent, and we think they probably were, but the rule is not changed that agents of corporations have certain limited authority, and it is not every employee of the corporation that can bind its principal especially where there would be involved the waiving of a right of the corporation not in the ordinary course of its business.

Whether or not the plaintiff company waived its lien herein, was in this case both a question of law and fact. The record does not bear out the contention of the defendants that the plaintiff company waived its lien, and from the state of the evidence as shown by the record we find that the defendants failed to sustain their answer in that regard.

On the second contention made by the defendants, we note that §8310 GC provides as follows:

"Every person who furnishes material for altering, repairing or removing a house, appurtenance, bridge or other structure shall have a lien to secure payment thereof upon such house or appurtenance of the owner," etc.

We believe the above statute in effect means, the furnishing of material for the purpose of improvements and within the time limited, necessary to complete the lien, where material is delivered on the job or ground. If the material so delivered is within the requirements of the particular contract in kind and character, then the responsibility of the materialman ceases and he is entitled to a lien. In the instant case there is no question about the type and character of the material delivered. It was of such type and character as could be used and a large part of it was used on the work in question. If any of it was carried away by the contractor, the owner, the defendant in this case, was, or ought to have been, fully aware of such acts. The record shows that she saw some of the material loaded into the car, and as between her and the party who furnished the material it was up to her to do the things necessary to prevent such carrying away. The law governing this case is very nicely treated in Section 83 of DeWitt on Ohio Mechanics

Liens, and, without quoting at great length, it is to be noted that the paragraph just referred to is pregnant with the truth and thought, that the furnishing of material fit and proper for the work in hand and its delivery on the job entitles the materialmen to a lien regardless of its diversion.

Therefore, it follows that the finding of this court is in favor of the plaintiff. It may take a decree for foreclosure for the amount claimed in the petition together with interest. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.